## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KODAK POLYCHROME GRAPHICS, LLC, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:05cv330 (MRK) |
| | : | |
| | : | |
| SOUTHWEST PRECISION PRINTERS, INC., | : | |
| Defendant | : | |

## RULING AND ORDER

In this action, Plaintiff Kodak Polychrome Graphics LCC ("Kodak"), whose principal place of business is in Norwalk, Connecticut, sues Defendant Southwest Precision Printers, Inc. ("Southwest"), a Texas-based corporation,  for breach of the 2003 Customer Agreement (the "Agreement") between Southwest and Kodak, and for unjust enrichment.  *See* Complaint [doc. # 1]. Southwest has counterclaimed for breach of the Agreement, unjust enrichment, breach of warranties, fraud, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA") and the Texas Deceptive Trade Practices and Consumer Protection Act, Tex. Bus. & Comm. Code § 17.42 *et seq*.  *See* Answer [doc. # 14].

The Agreement contains a forum selection clause requiring all suits brought under the Agreement to be filed in a court of competent jurisdiction in Connecticut.  Nevertheless, Southwest now asks this Court to transfer venue to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses [and] in the interest of justice." For reasons explained below, the Court DENIES Southwest's Motion to Transfer Venue [doc. #28].

Section 1404(a) gives district courts "considerable discretion . . . to adjudicate motions for

transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Red Bull Associates v. Best Western International, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The burden of justifying transfer of venue under § 1404(a) lies with the moving party, who must make a clear and convincing showing that transfer should be made. *See Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005); *see also O'Brien v. Aecium Mountain, Inc.*, 17 F. Supp. 2d 98, 104 (D. Conn. 1998) (movant's burden to show that the relevant factors "strongly favor" transfer).

In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the Supreme Court addressed the effect of a forum selection clause on the § 1404(a) inquiry.  Recently, Judge Janet Bond Arterton of this Court succinctly summarized the Supreme Court's holding as follows:

> While the *Bremen/Carnival Cruise* line of precedent makes forum selection clauses, if enforceable, dispositive of jurisdictional issues and determinations of improper venue, the Supreme Court has adopted a more flexible approach in the context of a motion to transfer to a more convenient venue under 28 U.S.C. § 1404(a).  In *Stewart* . . . the Supreme Court held that while a forum selection clause should be "a significant factor" in the district court's decision on whether to transfer venue, Section 1404(a) required courts to take into account other, equally important considerations.  As the Court concluded, "Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs.  The district court must also weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.' "

*United Rentals, Inc. v. Pruett*, 296 F. Supp. 2d 220, 228 (D. Conn. 2003) (quoting *Stewart*, 487 U.S. at 30 (internal citations omitted).  The Second Circuit has put it similarly:  "Congress declared two factors decisive on a motion for transfer pursuant to § 1404(a).  The private convenience of the parties . . . was only one of the elements to be considered.  The other component of the analysis – the interest of justice – is not properly within the power of private individuals to control." *Red Bull*,

862 F.2d at 967.

Applying these standards to the present motion, the Court concludes that Southwest has not met its burden under § 1404(a).  The Court reaches this conclusion for several reasons.  First, while the parties' forum selection clause may not be determinative on a § 1404(a) transfer motion, the parties' agreement on the appropriate forum for their disputes is entitled to significant weight in the analysis.  *Stewart*, 487 U.S. at 29. Southwest does not claim that this forum selection clause is unenforceable.  And the forum selection agreement between the two corporate parties represents their considered choice to locate all litigation between them in Connecticut, a state that has a clear connection to the dispute since it is the place where Kodak is based.  The Supreme Court's observation about the benefits of forum selection clauses in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94  (1991), applies equally to this case:

> [A] clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.  Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Id.* at 593-94 (internal citations omitted).   "[B]ecause such a negotiated designation creates legitimate expectations, the contract designation is conclusive of the interests of convenience and justice as between the parties . . . " *TUC Electronics, Inc. v. Eagle Telephonics, Inc.*, 698 F. Supp. 35, 39 (D. Conn. 1988); *see Orix Credit Alliance, Inc. v. Mid-South Materials*, 816 F. Supp. 230, 234 (S.D.N.Y. 1993) (a "forum selection clause is determinative of the convenience to the parties"); *Heller Financial, Inc. v. Midwhey Powder Company*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to

transfer a case").

Second, even in the absence of a forum selection clause, courts ordinarily give strong weight to a plaintiff's choice of forum, which can be overcome only by clear and convincing evidence that other factors strongly favor trial in an alternative forum. *See, e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Pitney Bowes, Inc. v. National Presort, Inc.*, 33 F. Supp. 2d 130, 131 (D. Conn. 1998). This is particularly true when, as here, the forum is plaintiff's principal place of business. *See, e.g., Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.*, 76 F. Supp. 2d 214, 217 (D. Conn. 1999).

Third, this action has been pending in this Court for over six months.  The Court entered a case management order in June 2005 [doc. # 20], and discovery is scheduled to be completed in a little under a month from now, by November 4, 2005.  While the Court has not had occasion to delve deeply into the case, the parties and the Court have all invested their time and resources into this action. Under those circumstances, Southwest would have to make a far more compelling showing for transfer than it has made.

Fourth, although the convenience of non-party witnesses may favor a Texas forum, the vast majority of witnesses whom each party expects to call at trial are party witnesses. *See* Defendant's Memorandum in Support of Motion to Transfer Venue [doc. #29] at 11-12 and Ex. A; Defendant's Reply in Support of Motion to Transfer Venue [doc. #38] Ex. A; Declaration of Tim A. Tully In Support of Change of Venue [doc. #27] ¶¶ 16, 18; Plaintiff's Memorandum in Opposition to Motion to Transfer Venue [doc. #30] Ex. 4. As noted earlier, in view of the parties' forum-selection clause, Southwest cannot base its motion on the inconvenience to its own witnesses, and it has not alleged any undue burden in transporting its documents to Connecticut for trial. *See TUC Electronics, Inc.*, 698 F. Supp. at 39; *Heller Financial, Inc.*, 883 F.2d at1293; *see also Elite Parfums, Ltd., v. Rivera*,

4

872 F. Supp. 1269 at 1272 (S.D.N.Y. 1995) (" '[M]ere inconvenience and expense of traveling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum.' ") (quoting *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1279 (S.D.N.Y. 1992)) (alteration added). As to the two non-party witnesses who are beyond the Court's subpoena power, *see* Defendant's Reply in Support of Motion to Transfer Venue [doc. #38] at 3 and Ex. C, the parties can always take their depositions, including preserving their trial testimony through a videotaped deposition. It is not at all unusual in today's federal courts to have non-party witnesses appear at trial via videotaped depositions.  Given the small number of non-party witnesses beyond the Court's subpoena power, the need to take videotaped depositions is not a sufficient hardship to satisfy Southwest's burden and justify disturbing the parties' contractual choice of forum. *See A.I. International Corp. Holdings, Inc. v. SurgiCare, Inc.*, 2003 WL 22705128, at *4 (S.D.N.Y. Nov. 17, 2003); *JVC Professional Products Co. v. HT Electronics, Inc.*, 1999 WL 1080280, at *3 (S.D.N.Y. Dec. 1, 1999).

Finally, the public interest factors – such as concerns for ensuring a speedy trial and having a judge who is familiar with the applicable law – do not favor transfer. There is certainly no basis for believing that this case will be tried more quickly in Texas than in Connecticut. More importantly, the case involves significant issues of Connecticut law, which this Court is more familiar with than Texas federal courts.  The Agreement is governed by Connecticut law, and Southwest has asserted a counterclaim under CUTPA.  While the Court is confident that a Texas federal court would also be able to maneuver through the intricacies of Connecticut law if called upon to do so, this factor nonetheless weighs against transfer.

Accordingly, the Court DENIES Southwest's Motion to Transfer [doc. # 28].

5

IT IS SO ORDERED,


/s/         Mark R. Kravitz
            United States District Judge

Dated at New Haven, Connecticut: **October 7, 2005**